UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
LARRY IRABOR,
                      Plaintiff,

                                                                                    9:07-CV-0816
vs.                                                                            (NAM/RFT)

NEW YORK STATE DEPARTMENT OF
CORRECTIONS, *et al.*,
                      Defendants.
-----------------------------------------------------------

APPEARANCES:

Larry Irabor
06-A-5139
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, NY 12831
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

**I.    Background**.

       The Clerk has sent to the Court an amended complaint filed by Larry Irabor ("plaintiff" or "Irabor") in accordance with this Court's October 30, 2007 Order.

       The October Order found that plaintiff failed to set forth sufficient facts to permit this Court to find that his complaint stated a viable cause of action. Dkt. No. 6. However, the Court permitted plaintiff an opportunity to file an amended complaint.

**II.    The Amended Complaint.**

      **A.    Plaintiff's Allegations.**

       The amended complaint reveals that on November 13, 2006 plaintiff acknowledged receipt of a "Notice of Untried Indictment, Information or Complaint, and of Right to Request Disposition."

Dkt. No. 8, Exhibit C-2.  On December 29, 2006 plaintiff requested "a form according to section 580.20 C.P.L. on speeding (*sic*) trial on my case in the state of CT."  *Id.,* Exhibit C.[1]

On January 4, 2007 plaintiff executed "Form II Agreement on Detainers."  *Id,* Exhibit C-3.[2]  In Form II, plaintiff requested that the pending charges be brought to final disposition, agreed "that this request shall be deemed to be my waiver of extradition" and "consent by me to the production of my body in any court where my presence may be required to effectuate the purpose of the Agreement on Detainers ...", and requested that the court in the receiving state[3] appoint counsel "for purposes of any proceedings preliminary to trial ... which may take place before his/her delivery to the jurisdiction ..." *Id.*

Plaintiff alleges that on January 4, 2007 he made a request for a pre-transfer hearing.  According to the exhibits annexed to the amended complaint, this request was directed to the Superintendent of Mt. Mc Gregor Correctional Facility and requested that the Superintendent "arrange for me to have a telephone or video conference ex rel Pre-Transfer Hearing ... authorized under the Uniform Criminal Extradition Act ... This conference is requested in effect to seek dismissal of both the IAD Warrant lodged against me as well as the attending criminal charges."  *Id*., Exhibit E.  Plaintiff alleges that the Inmate Records office responded to the January 4, 2007 request on January 16, 2007.  *Id.*, paragraph 6.  Attached to the amended complaint is a January 16, 2007 memorandum stating that Inmate Records Office personnel met with plaintiff on January 11, 2007.  *Id*., Exhibit F.  The memorandum further states that, in the meeting, it was explained to plaintiff that the documents he signed indicated his consent to be

---

[1] This Exhibit also contains a Reply that states "Attached are your copies of the IAD procedure.  I met with you concerning the above matter this date; 1/4/07 ..."  It is signed by J. Swinton and dated January 4, 2007.

[2] This document is docketed out of sequence, with page two of the document docketed before page one.

[3] This is the state that lodged the detainer.  *See* N.Y. CPL §582.20, Article II.

2

transported to Connecticut, and that the facility is awaiting a reply from Connecticut as to whether they were going to act on plaintiff's consent. The memorandum further states that plaintiff's situation is not an extradition, and extradition laws would not apply. *Id.*

On January 17, 2007 plaintiff sent another request for a pre-transfer hearing. *Id.*, Exhibit G-1.[4] Plaintiff alleges that on January 18, 2007 he sent another request for a pre-transfer hearing to Inmate Records. *Id.*, paragraph 7. That request states "What I am asking for is 'Pre-Transfer Hearing.' Before going to State of Connecticut. N.Y.S. Corr. Law. Sec. 104(F)-1cc. I'm entitled for this my NYS State Correction Law." *Id.*, Exhibit G-2. Plaintiff alleges that he received a response to the January 18, 2007 request on January 22, 2007.[5] *Id.*, paragraph 8.

Plaintiff alleges that on February 21, 2007 he received the State of Connecticut's acceptance of his request for disposition on the pending charges. *Id.*, paragraph 9. Plaintiff also alleges that Connecticut State Police took him into custody on February 21, 2007, and transported him to Connecticut for his trial. *Id.*, paragraph 10.

**B.     Plaintiff's Claims.**

Plaintiff alleges that the defendants should have informed him of his rights prior to his signing of the IAD forms, and should have informed him on how to obtain a pre-transfer hearing. Plaintiff further alleges the defendants failed to provide him with a pre-transfer hearing. Based upon these allegations, plaintiff asserts that the defendants have violated his right to due process and equal protection.

---

[4] The memo from plaintiff states "To recap my news I'm not fighting extradition none (illegible) extradition law. What I'm requesting for is this prison to arrange for my pre-transfer hearing by video conference or telephone conference. Which I'm entitled to by law. Can you please put this in writing and "not extradition." We like to know the law that say I'm not entitled to Pre-Transfer Hearing." Dkt. No. 8, Exhibit G-1.

[5] The response states "Upon confirming, with personnel from Central Office, there is no 'Pre-Transfer Hearing' for an Interstate Agreement on Detainers. The signing of the IAD paperwork waives the need for extradition ... any future correspondence, similar in nature, will be considered redundant and WILL NOT BE RESPONDED TO." Dkt. No. 8, Exhibit G-2.

**III.   DISCUSSION.**

The IAD provides for two parallel means for initiation of the transfer of a prisoner, each of which provides for a different set of rights and processes.  Article III of the Agreement addresses those situations where the transfer is initiated at the voluntary request of the prisoner.  Article IV governs those situations where the transfer is initiated at the request of the prosecuting authority in the state where the charge is pending, without the consent of the prisoner.  It is beyond cavil that Article III governs the case before this Court.

Article III of the Agreement requires that the corrections official

... having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for a final disposition of the indictment, information or complaint on which the detainer is based.

N.Y. CPL §58.20, Article III (c).  Based upon the documents presented with the amended complaint, it is clear that the defendants provided plaintiff with the information required under Article III(c).

Article III contains no provision for a pre-transfer hearing.[6]  Rather, it provides that a request by a prisoner for disposition on the pending charges constitutes a waiver of extradition with respect to any charge included in the notice, a waiver of extradition to the receiving state to serve any sentence imposed after completion of the term of imprisonment in the sending state, consent by the inmate to the production of his body in any court where is presence is required in order to carry out the purpose of the Agreement, and consent by the inmate to be returned to the original place of imprisonment.  *See* Article III (e).  Absent from Article III is any right to request a hearing prior to a transfer, or any obligation on

---

[6] The Court notes that Article IV, which governs when a prisoner is being transferred without his consent, provides for a thirty day waiting period before a transfer can be made, and provides that such request can be disapproved either on the motion from the governor of the sending state or upon the motion of the prisoner. Article IX (7) also requires that the inmate be advised of his right to counsel and to contest the legality of his transfer. This Article is not applicable to plaintiff's case in light of his written request for disposition of the charges and his written consent to the transfer.

4

the part of the sending state to arrange for such hearing.  Rather, "[b]y requesting final disposition ... the prisoner waives any right to challenge his transfer by way of a pre-transfer hearing." *Lynch v. Menifee*, 2004 WL 1738888 (S.D.N.Y. 2004); *see also Bethea v. Warden, Metro. Corr. Ctr.,* 1986 WL 13468 (S.D.N.Y. 1986).

Plaintiff further asserts that he is entitled to a pre-transfer hearing by virtue of NY Corr. Law §104(f).  However, that statue speaks in terms of "[a]ny hearing ... to which an inmate ... may be entitled by the laws of the sending state ..."  *See* NY Corr. Law §104(f).  This section creates no independent right to a hearing, and the only source of such right plaintiff has pointed to is the IAD.  As discussed above, plaintiff has no right under the IAD to any pre-transfer hearing.  Accordingly, this claim is without merit.

Finally, plaintiff alleges that he was entitled to a pre-transfer hearing based upon the Uniform Criminal Extradition Act.[7]  Plaintiff relies heavily on *Cuyler v. Adams*, 449 U.S. 433 (1981).  However, *Cuyler* is not applicable to this case in light of the fact that the decision was based upon application of Article IV of the IAD.  Even if it were applicable, *Cuyler* clearly states that the waiver provision of Article III of the IAD waives any rights that may be included in the Uniform Criminal Extradition Act.  *Cuyler v. Adams*, supra. at. 445.

Based on the foregoing, it is clear that plaintiff was not entitled to a "pre-transfer hearing" under the IAD, nor was he legally entitled to receive any additional information or legal counseling from the defendants.  Thus, he has not been deprived of any right, constitutional or otherwise, and this action will be dismissed.

WHEREFORE, it is hereby

---

[7]  Codified in New York State at N.Y. CPL §570.02.

ORDERED that this action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and it is further

ORDERED that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Date:  February 27, 2008

_____
Norman A. Mordue
Chief United States District Court Judge